*STEPHEN VAN RENSSELAER *et al.*, executors, &c.   [*250]
agt. CHARLES SAUNDERS.

Oyer can only be demanded where a deed is pleaded with profert.   The remedy for want of profert, where it should be made, is a demurrer.

Where defendant moved for judgment of *non pros*, on the ground that the plaintiffs had not delivered oyer of the sealed indentures, on which they declared, pursuant to demand by defendant; but defendant did not show that the plaintiffs made profert of the indentures in the declaration; *held*, that the court could not presume profert, because it might have been omitted, either improperly or upon a sufficient excuse; and besides, it is a general rule, that the party who moves must make out a *prima facie* case before his adversary is bound to answer.

*September Term*, 1846.
MOTION by defendant for judgment of *non pros.*

The defendant moved for judgment of *non pros*, on the ground that the plaintiffs had not delivered oyer of the sealed indentures on which they declared, pursuant to a demand by the defendant.   The affidavit stated that the declaration was

upon sealed indentures, and that oyer was long since demanded; but it was not stated that the plaintiffs made profert of the indentures in the declaration. Plaintiffs' counsel said, that was a fatal objection to the motion.

> S. STEVENS, *defendant's counsel.*
> DAVIS, W. & DAVIS, *defendant's attorneys.*
> P. CAGGER, *plaintiffs' counsel.*
> R. CHRISTIE, JR., *plaintiffs' attorney.*

BRONSON, Chief Justice. Without showing that the plaintiffs made profert of the indentures, there is no foundation for the motion; for oyer can only be demanded when a deed is pleaded with profert. The remedy for want of profert, where it should be made, is a demurrer. We cannot presume profert, because it may have been omitted, either improperly or upon a sufficient excuse; and it is, moreover, a general rule, that the party who moves must make out a *prima facie* case before his adversary is bound to answer. Motion denied.